David A. **LEIBITZKE**, et al., Plaintiffs,

v.

**CONSOLIDATED RAIL CORPORATION,**
**et al., Defendants.**

No. C81–2125.

United States District Court,
N.D. Ohio, E.D.

Feb. 19, 1982.

Steven G. Thomas, Cleveland, Ohio, for plaintiffs.

Thomas R. Skulina, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

WHITE, District Judge.

At the time this lawsuit was commenced the plaintiffs were non-agreement employees of the Consolidated Rail Corporation (Conrail) working in its Technical Services Laboratory at Cleveland, Ohio. On October 7, 1981 they received notice from an officer of the Company that their present position, title, and pay rate would be transferred to Pennsylvania, effective November 3, 1981 and employees who intended to transfer should notify Conrail in writing by October 30, 1981 or be considered to have terminated their employment. Under Title V of the Regional Rail Reorganization Act of 1973, 45 U.S.C. § 701 *et seq.*, employees were entitled to certain protections if requested to transfer. On September 1, 1981 the protections of Title V were repealed and replaced by Title VII of the Northeast Rail Service Act of 1981 (NERSA). The protections provided by NERSA were not yet determined at the commencement of this action and may not be determined until December 13, 1981. The plaintiffs assert that they will not know what protections are available to them under Title VII if they refuse to transfer and accepting transfer at this time might cause them to forfeit benefits they otherwise would be entitled to. The plaintiffs have demanded a dispute settlement conference as required by the Railway Labor Act but the defendants have not responded to their request and even if a conference were allowed the dispute settlement provisions under the Railway Labor Act are inadequate to protect the plaintiffs' rights. The plaintiffs also assert that they have been deprived of the arbitration procedures provided by § 714 of NERSA or alternatively that the arbitration provisions of NERSA are inapplicable to the dispute

since it arises during the interim between termination of the employee protection provisions under Title V and the new protections effective under Title VII. The plaintiffs request a temporary restraining order and preliminary injunction to prevent defendants from requiring the plaintiffs to decide whether to transfer until the protections to non-transferring employees are known; to order defendants to continue plaintiffs' salaries during this period; and damages.

This matter is before the Court upon defendants' motion to dismiss for lack of jurisdiction of the subject matter and failure to state a claim upon which relief can be granted.

The Northeast Rail Service Act of 1981 provides for the Secretary of Labor and representatives of the various crafts of employees of Conrail to enter into a protection agreement within ninety (90) days after the effective date of Title VII. If the parties are unable to reach an agreement within this period the Secretary of Labor must prescribe the benefit schedule within thirty (30) days after the expiration of the ninety (90) day period. This dispute arose during the period when the new protection provisions have not been enacted. Therefore the plaintiffs do not know what protections they would be entitled to if they refuse to transfer.

The Regional Rail Reorganization Act of 1973 established a special court to deal with disputes arising under the Act. Section 1152 of NERSA specifies that this special court applies to certain disputes under Title VII.

Section 1152 of NERSA provides in part:
(a) "Notwithstanding any other provision of law, the Special Court shall have original and exclusive jurisdiction over any civil action—
(1) For injunctive, declaratory, or other relief relating to the enforcement, operation, execution, or interpretation of any provision of or amendment made by this subtitle or administrative action taken thereunder to the extent such action is subject to judicial review;"

The plaintiffs have requested the Court for a temporary restraining order and preliminary injunction concerning issues related to NERSA. The jurisdiction of this type of remedy is vested exclusively in the Special Court. This special court is composed of persons who are uniquely equipped to understand railroad problems as are members of the Railway Adjustment Board. See *Crookham v. Consolidated Rail Corp.*, 489 F.Supp. 1 (N.D.Ohio 1978), affirmed 620 F.2d 301 (6th Cir. 1980).

Accordingly, the Court finds that disputes arising under Title VII involving injunctive relief are within the exclusive purview of the Special Court created by the Regional Rail Reorganization Act of 1973. Therefore this Court lacks jurisdiction over the subject matter. The defendants' motion to dismiss is GRANTED.

IT IS SO ORDERED.